UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOEL WILLIAM CREAGER,<br><br>　　　　　Plaintiff,<br><br>　v.<br>MURRAY YOUNG, *et. al.*,<br><br>　　　　　Defendants. | Case No. 1:15-cv-00024-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendants' Motion for Summary Judgment (Dkt. 22). For the reasons explained below, the Court will grant the motion.

## BACKGROUND

Creager's Amended Complaint contains both federal and state law claims related to his assertion that he was not properly treated for a torn meniscus in his knee and blistered feet. He alleges that Dr. Young refused to order surgery to repair the torn meniscus and told him that Corizon had to approve any surgery, and therefore it would not be done. He contends that he has been in pain since December 2012 because Dr. Young refused to order the surgery. He also alleges that the bottoms of his feet became bloody and torn but he does not know why. He contends Dr. Young told him there was nothing wrong with his feet and there was nothing he could do to fix them.

MEMORANDUM DECISION AND ORDER - 1

Creager asserts that he told Nurse Practitioner Benjamin Bish that his feet were so bloody that he could not walk on them. Bish prescribed a "salve" for his feet, but after several months his feet became worse. Creager asserts that Bish did not order any specialist to look at Creager's feet and told him he did not know why they were bloody. Creager also alleges that Bish, Nurse Practitioner Matt Valley, and Nurse Practitioner Scott Schaffer told him that Corizon would have to approve knee surgery, and they would not approve it. He also contends that Valley and Schaffer did not provide treatment for his feet.

Creager next alleges that he personally informed Warden Keith Yordy about the condition of his feet, but the Warden did nothing to ensure he was treated appropriately. He further contends that he informed IDOC Health Services Director Rona Siegert of the problems with his feet. Creager alleges he submitted more than 30 HNRs requesting medical treatment, and Ms. Siegert saw photos of his feet but did not investigate whether he was receiving treatment. He alleges Ms. Siegert knew he needed surgery to repair his torn meniscus, and was aware that Corizon refused to perform this type of surgery, but did nothing to correct it. Finally, he alleges that Corizon has a policy of not approving surgery for a torn meniscus and only providing a knee brace in order to save money.

## LEGAL STANDARD

1. **Summary Judgment Standard**

    Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  One of the principal purposes of the

**MEMORANDUM DECISION AND ORDER - 2**

summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  There must be a genuine dispute as to any *material* fact – a fact "that may affect the outcome of the case." *Id.* at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255.  Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).  On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The Court must be "guided by the substantive evidentiary standards that apply to the case." *Liberty Lobby*, 477 U.S. at 255.  If a claim requires clear and convincing evidence, the question on summary judgment is whether a reasonable jury could conclude that clear and convincing evidence supports the claim. *Id.*

When cross-motions for summary judgment are filed, the Court must independently search the record for factual disputes. *Fair Housing Council of Riverside*

**MEMORANDUM DECISION AND ORDER - 3**

*County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). The filing of cross-motions for summary judgment – where both parties essentially assert that there are no material factual disputes – does not vitiate the court's responsibility to determine whether disputes as to material fact are present. *Id.*

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Deveraux*, 263 F.3d at 1076. The non-moving party must go beyond the pleadings and show "by her [ ] affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Celotex,* 477 U.S. at 324.

However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1029 (9th Cir. 2001) (quotation omitted). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

**2.      Standard of Law for Eighth Amendment Claims**

MEMORANDUM DECISION AND ORDER - 4

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment. To state a claim under the Eighth Amendment, a prisoner must show that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of Defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires a plaintiff to satisfy "both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir.2012). The Eighth Amendment includes the right to adequate medical care in prison, and prison officials or prison medical providers can be held liable if their "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Regarding the objective standard for prisoners' medical care claims, the Supreme Court of the United States has explained that "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The Ninth Circuit has defined a "serious medical need" as a "failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain [;] ... [t]he existence of an injury that a reasonable doctor or patient would find

MEMORANDUM DECISION AND ORDER - 5

important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain . . . ." *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir.1992) (internal citations omitted), overruled on other grounds, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc).

As to the subjective standard, a prison official or prison medical provider acts with "deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir.2002) (citation and internal quotation marks omitted). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir.2004) (quoting Farmer, 511 U.S. at 837, 114 S.Ct. 1970). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation omitted). However, "whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer,* 511 U.S. at 842, 114 S.Ct. 1970; *see also Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir.2003) (deliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that defendant actually knew of a risk of harm).

MEMORANDUM DECISION AND ORDER - 6

In the medical context, a conclusion that a defendant acted with deliberate indifference requires that the plaintiff show both "a purposeful act or failure to respond to a prisoner's pain or possible medical need and . . . harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006). Deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104–05, 97 S.Ct. 285 (footnotes omitted). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989). "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk' to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir.2004) (alteration omitted) (*quoting Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996)). Mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir.1980) (per curiam). A delay in treatment does not constitute a violation of the Eighth Amendment unless the delay causes further harm. *McGuckin*, 974 F.2d at 1060. If medical personnel have been "consistently responsive to [the inmate's] medical needs," and there has been no showing that the medical personnel had "subjective

**MEMORANDUM DECISION AND ORDER - 7**

knowledge and conscious disregard of a substantial risk of serious injury," summary judgment is appropriate. *Toguchi*, 391 F.3d at 1061.

## ANALYSIS

Defendants filed a motion for summary judgment asking the Court to grant summary judgment on all of Creager's claims. The motion is supported by a detailed memorandum, statement of undisputed facts, and several affidavits containing sworn testimony in favor of the motion. Creager responded with a two-page "brief" that simply restates some of his complaints about his care. He references no cases, statutes or other authority, and he did not file a statement of disputed facts. He failed to adequately respond to the motion despite the Court's earlier notice that if the party moving for summary judgment under Rule 56 submits affidavits, sworn testimony, or other evidence, a plaintiff generally cannot oppose the motion by relying solely on what the complaint says. Dkt. 23. The Court made clear in its notice that Creager must provide specific facts that show there is a genuine dispute of material fact that requires a factfinder to decide the truth or falsity of the disputed facts. Id. When a party fails to address another party's assertion of fact as required by Local Rule 7.1(c) (2), "the Court . . . may consider the uncontested material facts as undisputed for purposes of consideration of the motion. . . ." Dist. Idaho Loc. Civ. R. 7.1(e)(2). Thus, the Court will treat Defendants' version of material facts as uncontested and undisputed for purposes of addressing the motion.

With those facts in mind, the court finds that Creager received appropriate medical treatment for his knee pain and his blistered feet. Disagreement with the treatment is not evidence of deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir.

**MEMORANDUM DECISION AND ORDER - 8**

2004). Creager was repeatedly examined and treated by the medical staff. He received pain medications, shoe inserts, knee injections, and knee braces (although he did not wear the knee brace as prescribed). *Def. SOF* ¶¶ 5-7, 9, 13-15.  He also had x-rays, which were generally benign. *Id*. ¶¶ 8, 11-12). Surgery was not medically necessary, and Creager apparently did not want it anyway according to the uncontested facts. *Id*. ¶ 5. He also received extensive treatment for his blistered feet, including being repeatedly examined and provided appropriate pain medications, ointments, creams, insoles, arch supports, medical shoes, and custom boots. Thus, Creager's claims against the medical staff, which includes defendants Bish, Valley, and Schaffer, are without merit.

      The claims against Corizon are also without merit. To maintain a claim against Corizon, Creager must show that an official unconstitutional policy or custom of the corporation causes the alleged deprivation of constitutional rights. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012). Creager points to no evidence of a policy of only providing knee braces instead of surgery for a torn meniscus. Both Dr. Young and Siegert testified they were unaware of any such Corizon policy.  *Def. SOF* ¶ 2; *Siegert Aff*. ¶ 8. Plus, there is no evidence that Creager actually requested the surgery. His claims against Corizon fail.

      Non-medical personnel, Yordy and Siegert, likewise were not deliberately indifferent about Creager's medical treatment. As non-medical personnel, they were generally entitled to rely on the opinions of medical professionals with respect to Creager's medical treatment. *Snow v. McDaniel*, 681 F.3d 978, 990 (9th Cir. 2012), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1046 (9th Cir. 2014).

**MEMORANDUM DECISION AND ORDER - 9**

Moreover, no reasonable person would have determined that Creager's medical treatment was inferior. Both Yordy and Siegert investigated Creager's complaints and were aware that he had refused medical shoes and had received Eucerin cream for his feet. *Yordy Aff.* ¶¶ 5-6; *Siegert Aff.* ¶¶ 4, 8-9. There was nothing about Creager's treatment that indicated he was not receiving appropriate medical care. Both Yordy and Siegert acted under the reasonable belief that Corizon had provided, and would continue to provide, adequate medical care to Creager. *Yordy Aff.* ¶ 8; *Siegert Aff.* ¶¶ 8-9). Accordingly, Creager's claims against Yordy and Siegert are without merit.

The Court will also grant summary judgment on Creager's state law claims, which are somewhat difficult to understand. The claims appear to be essentially the same improper treatment claims as discussed above in the federal claims. But as explained above, the undisputed evidence shows that the medical treatment Creager received for his torn meniscus and blistered feet met the standard of care exercised by medical doctors and nurse practitioners in similar circumstances in the Boise, Idaho area. *Def. SOF* ¶¶ 3, 16.

## ORDER

IT IS HEREBY ORDERED:

1. Defendants' Motion for Summary Judgment (Dkt. 22) is **GRANTED**.
2. The Court will enter a separate judgment in accordance with Fed. R. Civ. P. 58.



DATED: February 24, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 11**